UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:23-cv-10857-MCS-AJR** | Date | March 13, 2024 |
|---|---|---|---|

Title  *Velasco v. Samsung Elecs. Am., Inc. et al.*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: STIPULATION TO REMAND (ECF No. 11) (JS-6)**

The Court ordered Defendant to show cause why the case should not be remanded for lack of jurisdiction. (OSC, ECF No. 9.) In lieu of a response, the parties stipulated to remand this case to the state superior court from which it was removed. (Stip., ECF No. 11.) "[T]he parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction." *Janakes v. USPS*, 768 F.2d 1091, 1095 (9th Cir. 1985). The stipulation itself offers no ground upon which the Court may remand the case, but a review of the records on removal demonstrates that the Court lacks subject-matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold of $75,000.00. (Compl., ECF No. 1-1; Notice of Removal ¶ 14, ECF No. 1.) *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant's allegations regarding the amount in controversy are speculative. Defendant offered no relevant evidence regarding the amount Plaintiff is seeking related to general damages, medical expenses, or compensatory damages. In support of their stipulation, the parties propose a cap for Plaintiff's recovery below the jurisdictional threshold. (Stip. ¶ 4.) But parties may not by stipulation reduce the amount in controversy below the jurisdictional threshold. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Notwithstanding, given Defendant's acquiescence to a remand and failure to answer the order to show cause, the Court assumes Defendant does not intend to defend its jurisdictional allegations with evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Accordingly, the Court denies the stipulation but on its own motion remands the case for want of jurisdiction. The Court remands the action to the Los Angeles County Superior Court, No. 23TRCV00547. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**